**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**David VARGAS–GUTIERREZ, aka**
**David Gutierrez–Vargas,**
**Defendant–Appellant.**

**No. 00–50517.**

**D.C. No. CR–00–00022–CAS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.[*]

Decided Sept. 21, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

David Vargas–Gutierrez appeals his 27–month sentence imposed following a guilty plea conviction for being an illegal alien in possession of firearms, in violation of 18 U.S.C. § 922(g)(5). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Vargas–Gutierrez contends that the district court erred by imposing a four-level sentence enhancement pursuant to U.S.S.G. 2K2.1(b)(5) for possession of a firearm in connection with another felony offense. We disagree.

We review a district court's findings of fact for clear error and its application of the Sentencing Guidelines to a particular case for abuse of discretion. *United States v. Ellis,* 241 F.3d 1096, 1099 (9th Cir.2001).

The record shows that Vargas–Gutierrez made arrangements to sell cocaine to a confidential informant (CI), drove past the agreed-upon location for the drug deal twice, attempted to leave the area before meeting with the CI, but was pursued and stopped by the police. Vargas–Gutierrez admitted to the police that he was driving to that location to see if the CI had the money for the cocaine before going to meet with his supplier and a subsequent search of his car revealed a 9 millimeter semi-automatic handgun under his seat. Based on these facts, we cannot say the district court clearly erred by applying the four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5). *See United States v. Polanco,* 93 F.3d 555, 566–567 (9th Cir. 1996) (affirming § 2K2.1(b)(5) enhancement based on finding that presence of firearm in defendant's car potentially emboldened him to undertake illicit drug sales).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

